develop the territorial rights in Japan. It could at any time resume activities in that country if it deemed the conditions favorable. The possibilities of profitable business in Japan were at all times conjectural and, on the other hand, the proof of loss of the petitioner's investment in Japan was equally conjectural. We think that before the petitioner is entitled to the benefit of deductions allowed by the above-quoted statute, it must prove that a loss was sustained in the taxable year, and that the petitioner has failed to meet this burden of proof.

The decision of the Board of Tax Appeals is affirmed.

**PER CURIAM.**

This is an appeal from a conviction upon three of four counts of an indictment. Two of the counts were for a violation of the customs inspection laws, and one was for a violation of the National Prohibition Act (27 USCA). The fourth count was dismissed. It is conceded that as to the third count the conviction was erroneous. The sentence was for eighteen months on each count, to run concurrently.

Under these circumstances, the judgment must be affirmed.

**ANDERSON et al. v. UNITED STATES.**

No. 7316.

Circuit Court of Appeals, Ninth Circuit.

Sept. 9, 1935.

John T. McCutcheon, of Tacoma, Wash., for appellants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

**HUMPHREY et al. v. BANKERS MORTG. CO. OF TOPEKA, KAN., et al.**

**BANKERS MORTG. CO. OF TOPEKA, KAN., v. HUMPHREY et al.**

Nos. 1291, 1292.

Circuit Court of Appeals, Tenth Circuit.

Aug. 27, 1935.

